# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| TASHWAN R. WILSON,[1] | ) | |
| --- | --- | --- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-383-G |
| | ) | |
| JOE ALLBAUGH, DIRECTOR, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter comes before the Court on Respondent Joe Allbaugh's Objection to the September 4, 2018 Second Report and Recommendation of United States Magistrate Judge Bernard M. Jones. *See* Resp't's Obj. (Doc. No. 22).

## BACKGROUND

1. <u>State Court Proceedings</u>

Petitioner Tashwan R. Wilson was charged by Information filed on April 4, 2006, in the District Court of Oklahoma County, Oklahoma, with one count of Manufacturing a Controlled Dangerous Substance (Cocaine Base) (Count 1), three counts of Trafficking a Controlled Dangerous Substance (Cocaine) (Counts 2, 3, 4), one count of Possession of Proceeds Derived from a Violation of the Uniform Controlled Dangerous Substance Act

---

[1] In the Petition for Writ of Habeas Corpus ("Petition"), counsel identified the petitioner as Tashwan R. Wilson and Tashawn R. Wilson. *Compare* Petition (Doc. No. 1) at 1 *with id*. at 25. The verification attached to the Petition bears the signature "Ta'Shawn Wilson." *See id*. at 26. The state court records refer to petitioner as Tashwan R. Wilson, Tashawn Wilson, and Ta'Shawn Wilson. The Court uses the spelling of Wilson's first name as provided in the style of the Petition.

(Count 5), one count of Possession of a Controlled Dangerous Substance with Intent to Distribute (Marijuana) (Count 6), one count of Possession of an Offensive Weapon While Committing a Felony (Count 7), and one count of Possession of Drug Paraphernalia (Count 8). *See State v. Wilson*, No. CF-2006-2201 (Okla. Cty. Dist. Ct.).

Immediately thereafter, on May 8, 2006, Petitioner was charged in a second Information filed in the same district court with the following crimes: four counts of Trafficking a Controlled Dangerous Substance (Cocaine Base/Cocaine) (Counts 1, 2, 3, 4) and one count of Distribution of a Controlled Dangerous Substance (Cocaine) (Count 5). *See State v. Wilson*, No. CF-2006-2979 (Okla. Cty. Dist. Ct.).

On April 2, 2008, Petitioner, assisted by counsel, entered pleas of guilty to Counts 1, 2, 3, 5, 6, and 8 in Case No. CF-2006-2201[2] and to the five counts in Case No. CF-2006-2979. *See* Pet. at 7.[3] On September 17, 2008, the state district court continued Petitioner's sentencing in both cases for five years, subject to certain terms and conditions. *Id.* at 8.

On April 7, 2010, Petitioner was charged in the District Court of Oklahoma County, Oklahoma, with one count of Unlawful Cultivation of a Controlled Dangerous Substance (Count 1), one count of Manufacturing a Controlled Dangerous Substance (Count 2), one count of Possession of a Firearm After Former Conviction of a Felony (Count 3), and one count of Possession of Proceeds in Violation of the Uniform Controlled Dangerous

---

[2] Counts 4 and 7 were dismissed by the State of Oklahoma that same date.

[3] Citations to documents filed electronically in this Court use the CM/ECF pagination.

Substance Act (Count 4). *See* Pet. at 9; *State v. Wilson*, No. CF-2010-2370 (Okla. Cty. Dist. Ct.).

That same date, the State of Oklahoma moved to accelerate Petitioner's deferred sentences in Case No. CF-2006-2201 and Case No. CF-2006-2979, alleging that Petitioner had violated the terms and conditions of his probation by committing the drug and firearm offenses charged in Case No. CF-2010-2370. Pet. at 9. On June 29, 2010, the state district court granted the State's requests to accelerate in the two cases and sentenced Petitioner in Case No. CF-2006-2201 to terms of life imprisonment on Counts 1, 2, 3, and 6, to a term of imprisonment of five years on Count 5, and to a term of imprisonment of one year on Count 8. That court also sentenced Petitioner to a term of life imprisonment on each of the five counts in Case No. CF-2006-2979. The state court ordered the sentences of each case to run concurrently but the sentences of Case No. CF-2006-2979 to run consecutively to the sentences imposed in Case No. CF-2006-2201. Pet. at 9.

Petitioner appealed from the acceleration of his deferred judgments and sentencing, arguing that the "accelerated sentences of consecutive terms of life imprisonment were grossly excessive." OCCA Summ. Op. (Doc. No. 12-5) at 3. The Oklahoma Court of Criminal Appeals ("OCCA") affirmed in an unpublished summary opinion issued on June 13, 2011, finding that Petitioner "ha[d] not properly preserved his proposition of error on appeal." *Id.*; *see Wilson v. State*, No. F-2010-662 (Okla. Crim. App.).

While that appeal was pending, Petitioner filed an Application for Modification of Sentence in each case pursuant to title 22, section 982a of the Oklahoma Statutes. After the OCCA had issued its opinion, the state district court—on June 27, 2011—modified

Petitioner's terms of imprisonment on five of the six relevant counts in Case No. CF-2006-2201[4] and on all five counts in Case No. CF-2006-2979.[5] Pet. at 10. The state district court further ordered that all sentences were to be served concurrently with each other and with each case. *Id.*; *see* Doc. Nos. 12-6, 12-7.

Petitioner thereafter unsuccessfully sought postconviction relief in state court. *See, e.g., Wilson v. State*, No. PC-2012-1090 (Okla. Crim. App.); *Wilson v. State*, No. PC-2013-954 (Okla. Crim. App.); *Wilson v. State*, No. PC-2014-1042 (Okla. Crim. App.); *Wilson v. State*, No. PC-2018-126 (Okla. Crim. App.); *see also Wilson v. State*, No. MA-2013-796 (Okla. Crim. App.).

In his last state-court postconviction appeal, which was filed on February 5, 2018, *see Wilson v. State*, No. PC-2018-126, Petitioner asserted one proposition of error:

> The district court abused its discretion denying the petitioner's fourth application for post-conviction relief as the court lacked jurisdiction to impose another sentence violating the contractual agreement depriving the petitioner of due process.

Pet. at 14.

---

[4] The one-year term of imprisonment ordered on Count 8 was not modified.

[5] Judge Elliott modified Petitioner's terms of imprisonment as follows:

| No. CF-2006-2201 | No. CF-2006-2979 |
|---|---|
| Count 1: 45 years | Count 1: 45 years |
| Count 2: 45 years | Count 2: 45 years |
| Count 3: 45 years | Count 3: 45 years |
| Count 5: 10 years | Count 4: 45 years |
| Count 6: 45 years | Count 5: 45 years |

4

On March 13, 2018, the OCCA affirmed the state district court's denial of post-conviction relief. In its Order, the state appellate court wrote:

> This is . . . Petitioner's fourth application for post-conviction relief that has been denied in the District Court. The denials of [his] . . . first and second post-conviction applications were not timely appealed . . . . The denial of [his] . . . third post-conviction application was appealed . . . and affirmed in an Order issued on January 29, 2015. These same issues were raised in Petitioner's . . . third application and are now barred by the doctrine of *res judicata*. Petitioner's application fails to articulate sufficient reason explaining his failure to timely withdraw his pleas of guilty or to timely appeal or adequately raise these issues in his previous post-conviction applications.

OCCA Order Aff'g Denial of Fourth Appl. Postconviction Relief (Doc. No. 1-1) at 3-4; *see Wilson v. State*, No. PC-2018-126.

2. Federal Habeas Proceedings

Appearing through counsel, Petitioner commenced the instant action on April 23, 2018, and in his Petition for Writ of Habeas Corpus ("Petition") filed pursuant to title 28, section 2254 of the United States Code, he challenged only the procedural bar applied by the OCCA. Petitioner asserted as his sole ground for relief:

> The state court made an unreasonable determination that [his] . . . claims were procedurally barred as the violation of federal law resulted in prejudice thus resulting in an unreasonable determination of *Coleman v. Thompson*, 501 U.S. 722, 750 (1991), where the law is clearly established by the Supreme Court of the United States by *Boykin v. Alabama*, 395 U.S. 238, 243 n.5 (1969), and *Santobello v. New York*, 404 U.S. 257, 262 (1971).

Pet. at 19 (parallel citations omitted).

The matter was referred to Magistrate Judge Bernard M. Jones. *See* 28 U.S.C. § 636(b)(1)(B), (C). Respondent Allbaugh, who is the Director of the Oklahoma

5

Department of Corrections, filed a Motion to Dismiss challenging the timeliness of Petitioner's Petition. *See* Resp't's Mot. to Dismiss (Doc. No. 11).

On August 7, 2018, Magistrate Judge Jones issued a Report and Recommendation and recommended that Respondent's Motion to Dismiss be denied and that Petitioner's Petition instead be summarily dismissed for failure to state a cognizable habeas claim. *See* R. & R. (Doc. No. 14). Petitioner was advised of his right to object, *see id.* at 4, and the matter came before the Honorable Lee R. West, the then-assigned District Judge, on Petitioner's Objection to the Report and Recommendation, *see* Doc. No. 16, and his Motion for Leave to File an Amended Petition pursuant to Federal Rule of Civil Procedure 15, *see* Doc. 15.

After de novo review, Judge West concurred with Magistrate Judge Jones' finding that Respondent's request for dismissal based on the timeliness of the Petition lacked merit. As Magistrate Judge Jones had explained, Petitioner "could not have known the factual predicate for . . . [his] claim," R. & R. at 3; *see* 28 U.S.C. § 2244(d)(1)(D)—"that the OCCA unreasonably found that the claims raised in his fourth application for post-conviction relief were procedurally barred," R. & R. at 3—"until the OCCA issued the relevant order on March 13, 2018." *Id.*

Judge West likewise agreed with Magistrate Judge Jones' determination that Petitioner's claim, as set forth in his Petition and which challenged only the procedural bar applied by the OCCA and thus "focuse[d] only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration," "state[d] no

6

cognizable federal habeas claim." *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998); *accord Blackwell v. Hansen*, 722 F. App'x 826, 831 (10th Cir. 2018).

Accordingly, on August 22, 2018, the Court adopted the Report and Recommendation and denied Respondent's Motion to Dismiss. *See* Order of Aug. 22, 2018 (Doc. No. 18) (West, J.). In accord with Magistrate Judge Jones' findings, Judge West also determined that even though the claim asserted in the Petition was timely, "'it plainly appears from th[at] . . . [pleading, *see* Doc. 1,] and [the] . . . attached exhibit[, *see* Doc. 1-1,] that . . . [Wilson] is not entitled to relief,' Rule 4, Rules Governing Section 2254 Cases in the United States District Court," and dismissed the Petition. *Id.* at 6 (alterations and omissions in original). Judge West further found, however, that the matter should be re-referred to Magistrate Judge Jones so that he could consider Petitioner's Motion for Leave to File an Amended Petition and Respondent's Objection to that motion (Doc. No. 17).[6] *See id.*

DISCUSSION

On September 4, 2018, Magistrate Judge Jones issued a Second Report and Recommendation that addressed Petitioner's request to amend. *See* Second R. & R. (Doc. No. 19). Petitioner and Respondent were advised of the right to object to Magistrate Judge

---

[6] In his Objection to the Report and Recommendation, Petitioner argued that amendment as he had proposed will "cure the framing of the proposition and clearly set forth what was attempted to be set forth in the [o]riginal Petition." Pet'r's Obj. to R. & R. at 2. Magistrate Judge Jones had noted in the Report and Recommendation that Petitioner had "argue[d], generally, the merits of his post-conviction claims," R. & R. at 2 n.3, and that Respondent himself had focused on those claims in his Motion to Dismiss, *see id.* at 3; Magistrate Judge Jones determined, however, that Petitioner had "not actually raise[d] those claims as independent grounds for habeas relief." *Id.* at 2 n.3.

7

Jones' findings and recommendation, *see id.* at 5, and the matter now comes before the Court on Respondent's Objection to the Second Report and Recommendation. *See* Resp't's Obj. (Doc. No. 22).

Magistrate Judge Jones has recommended that the Court deny Petitioner's Motion for Leave to File an Amended Petition to the extent Petitioner has sought permission to file the amended pleading attached thereto. He determined that it would be futile for Petitioner to file the pleading as drafted. *See* Second R. & R. at 3-5; Doc. No. 15-1. Upon de novo review, the Court concurs.

Magistrate Judge Jones, however, has also recommended that Petitioner be granted one final opportunity to amend. Despite Respondent's objection, the Court agrees. Federal Rule of Civil Procedure 15(a)(2) requires that leave to amend be "freely give[n] . . . when justice so requires." *See also* Fed. R. Civ. P. 81(a)(4). Because the Court finds that such "mandate [should] . . . be heeded," *Foman v. Davis*, 371 U.S. 178, 182 (1962), in this instance, the Court:

(1) ADOPTS the Second Report and Recommendation (Doc. No. 19) filed on September 4, 2018;

(2) DENIES Petitioner's Motion for Leave to File an Amended Petition (Doc. No. 15);

(3) ORDERS that Petitioner may, within 21 days of this Order, submit a new motion for leave to file an amended petition along with a proposed pleading addressing the deficiencies identified by Magistrate Judge Jones; and

(4) RE-REFERS this matter to Magistrate Judge Jones so that he may conduct further proceedings once Petitioner has filed his amended petition.

IT IS SO ORDERED this 19th day of December, 2018.

CHARLES B. GOODWIN
United States District Judge