# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| TA'SHAWN R. WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-18-383-G |
| | ) | |
| SCOTT CROW, Interim Director,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Petitioner Ta'Shawn R. Wilson, a state prisoner, filed this action pursuant to 28 U.S.C. § 2254 seeking habeas relief. The matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). Following the filing of Petitioner's Amended Petition for Writ of Habeas Corpus ("Amended Petition," Doc. No. 27), Respondent filed a Motion to Dismiss (Doc. No. 33), seeking dismissal of this action as time barred. Following Petitioner's Response (Doc. No. 35), Judge Jones issued a Report and Recommendation ("R. & R.," Doc. No. 36) recommending that the Motion be granted.

Petitioner, through his counsel, has filed a timely written Objection (Doc. No. 37). Thus, the Court must make a de novo determination of portions of the R. & R. to which a specific objection has been made, and the Court may accept, modify, or reject the

---

[1] Scott Crow, the Interim Director of the Oklahoma Department of Corrections ("ODOC"), is hereby substituted as Respondent pursuant to Federal Rule of Civil Procedure 25(d).

recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

On April 2, 2008, Petitioner entered a blind guilty plea to several drug-related crimes in the District Court of Oklahoma County, Oklahoma. On September 17, 2008, the state court ordered that entry of Petitioner's sentences would be deferred for five years. In April 2010, the State applied to accelerate Petitioner's sentences, and on June 29, 2010, the trial court imposed multiple sentences against Petitioner. Petitioner then filed an appeal and otherwise sought relief in the state trial and appellate courts but was unsuccessful. He filed this habeas action on April 23, 2018, and asserts that his guilty pleas were not knowingly and voluntarily entered because he was "not fairly apprised on the consequences" of his guilty plea. Am. Pet. at 20.

Upon de novo review of the record, the Court concurs with Judge Jones' suggested disposition of this matter. The Amended Petition is subject to the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). Judge Jones reviewed the timeliness of the Amended Petition under subsections § 2244(d)(1)(A) and (d)(1)(D) and found that (i) the Amended Petition was untimely filed under the former provision, even allowing for statutory tolling, and (ii) Petitioner's argument for application of the latter provision was meritless. Petitioner's Objection does not challenge either of these findings.

Judge Jones further found that Petitioner was not entitled to equitable tolling. In his Objection, Petitioner argues that the statute of limitations is not jurisdictional and "if there [i]s a time bar," it can be overlooked:

2

> In *Murphy v. Royal*, [866 F.3d 1164 (10th Cir. 2017)], the Petitioner's claims were time barred while the State Court addressed the merits of those claims, it unreasonably determined Supreme Court precedent that overcame the AEDPA's statute of limitations. *Williams v. Taylor*, 529 U.S. 362, 406 (2000) (explaining that when a state-court decision falls within the "contrary to" clause, "a federal court will be unconstrained by § 2254(d)(1)").

Pet'r's Obj. at 3 (citation omitted).

This argument is confusing and "disingenuous at best." R. & R. at 3. As a threshold matter, Petitioner's habeas counsel characterizes *Murphy* as current authority without noting that the cited decision was amended and superseded by the appellate court in 2017. *See Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *cert. granted sub nom. Royal v. Murphy*, 138 S. Ct. 2026 (2018). Second, neither the original nor the amended *Murphy* decision addresses the timeliness of federal habeas petitions or AEDPA's one-year deadline. And third, nowhere in the *Murphy* decisions or in *Williams* is there a holding to the effect that an unreasonable determination of the state court "overc[omes] the AEDPA statute of limitations." Pet'r's Obj. at 3. The reference to § *2254(d)(1)* in the cited portion of *Williams* has nothing to do with § *2244(d)(1)* and does not authorize the Court to disregard the untimely nature of Petitioner's filing. *See Williams*, 529 U.S. at 406.

The remainder of Petitioner's Objection essentially argues that the Court should consider the Amended Petition because Petitioner's state-court guilty plea was not knowing and voluntary. This focus on the merits of the habeas claim does not demonstrate any error in Judge Jones' well-reasoned R. & R. and does not provide the undersigned any basis upon which to reject the recommendation therein.

3

ACCORDINGLY, the Report and Recommendation (Doc. No. 36) is ADOPTED in its entirety, Respondent's Motion to Dismiss (Doc. No. 33) is GRANTED, and the Amended Petition (Doc. No. 27) is DISMISSED without prejudice as untimely filed.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is denied.

IT IS SO ORDERED this 25th day of July, 2019.

*[signature]*
CHARLES B. GOODWIN
United States District Judge